SANTA BARBARA, INC., A CORPORATION OF THE STATE OF NEW JERSEY, THOMAS PRIOVOLOS AND STELLA PRIOVOLOS, PLAINTIFFS–APPELLANTS, v. HEART OF CEDAR LANE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, JOHN KORAKIANITIS, INDIVIDUALLY, L.J.T. REALTY ASSOCIATES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND RICHARD FELDMAN, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 16, 1988—Decided March 17, 1988.

Before Judges BILDER, MUIR, Jr. and GIBSON.

*Jack Dashosh* argued the cause for appellants.

*Gregory M. Cannarozzi* argued the cause for respondent Heart of Cedar Lane, Inc., John Korakianitis and L.J.T. Realty Associates, Inc. (*Louis J. Dinice,* attorney).

*Seymour Chase* argued the cause for respondent Richard Feldman (*Chase & Chase,* attorneys).

The opinion of the court was delivered by:

GIBSON, J.S.C. (temporarily assigned).

Plaintiffs filed a multi-count complaint alleging various wrongdoings related to their purchase and subsequent loss of a restaurant business. Defendants include the sellers, the landlord and the constable who allegedly conducted the repossession. Following a seven day trial, the court dismissed all of plaintiffs' claims. Plaintiffs now appeal from that ruling and assert a number of errors which may be summarized as follows: (1) the trial court wrongfully dismissed the constitutional claims against the sellers, the landlord and the constable; (2) the trial court's dismissal of the fraud, misrepresentation and

tortious interference claims was contrary to the weight of the evidence and (3) the trial court's dismissal of the wrongful repossession claim against the landlord, L.J.T. was contrary to law. The primary issue is whether the repossession by the constable without judicial process, but pursuant to the Uniform Commercial Code, constitutes state action under the Federal Civil Rights Act.

Shortly after the purchase of the business, plaintiffs defaulted on a $150,000 note and security agreement held by the sellers. Around the same time, they also defaulted in a suit by an unrelated creditor. This latter default resulted in a judgment in the amount of $726.80 and a levy on the goods and chattels in the restaurant by the judgment creditor, acting through a constable. On the same day, the sellers, using self-help but acting through a separate constable, repossessed all of the business assets and changed the locks. On notice to the buyer, a public sale was then held at which time title to the business and its assets were reacquired by the sellers and sold to a third party.

Based on the above, plaintiffs argue that the repossession of the restaurant deprived them of a federally secured right under color of State law thereby triggering damages under 42 *U.S.C.A.* § 1983. As the trial court correctly noted, however, a secured party may lawfully repossess collateral in face of a default without judicial process so long as it can be done without breach of the peace, as was the case here. *N.J.S.A.* 12A:9–503. Moreover, no constitutional deprivation occurs without State action. *Callen v. Sherman's, Inc.*, 92 *N.J.* 114, 123–124 (1983). The involvement of the constable, in itself, did not fulfill that requirement. *Id.* at 123.

As a reading of *Callen* and the various cases upon which it relies makes clear, the trial court was correct in concluding that the "state action" needed to trigger a constitutional violation and a remedy under 42 *U.S.C.A.* § 1983 occurs only when both prongs of a two-prong test have been met.

512

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a State actor. This may be because he is a State official, because he has acted together with or has obtained significant aid from State officials or because his conduct is otherwise chargeable to the State. *Lugar v. Edmondson Oil Co.*, 457 *U.S.* 922, 937, 73 *L.Ed.*2d 482, 495, 102 *S.Ct.* 2744 (1982).

In this case it is conceded that the constable who repossessed the restaurant was a "state actor," thereby satisfying the second prong of the test.[1] On the other hand, the first prong was never met since the right to repossess recognized by the Uniform Commercial Code, *N.J.S.A.* 12A:9–503, was neither "created by the State" nor is it a "rule of conduct imposed by the State or by a person for whom the State is responsible." *Ibid.;* see *King v. So. Jersey Nat. Bank*, 66 *N.J.* 161, 172 (1974); *Callen v. Sherman's, Inc., supra.* Plaintiffs' argument that the involvement of the constable satisfies both of these tests misreads *Lugar.* The trial court's dismissal of the constitutional claims against the sellers and the landlord is therefore affirmed.

Independent of the section 1983 claims but based on the same repossession, plaintiffs also seek damages against the owner of the building from whom the business premises were leased. Relying on their claim that the repossession was achieved without judicial process and that the rent was current at the time, plaintiffs argue that the court's dismissal of this claim was error. Contrary to plaintiffs' contentions, however, the court concluded that the rental payments were in default at the time of the repossession and that the sale of the business and the lease was intended to be treated as a unit. The court's conclusions in that regard were based on substantial and credible evidence and should not be disturbed here. *Rova Farms Resort v. Investors Inc. Co.*, 65 *N.J.* 474, 483–484 (1974). Given

---

[1]The trial court found that the constable who acted for the sellers in this repossession was not the constable who was named as a defendant.

the validation of the sellers' repossession, a reentry by the landlord would not have generated any damages in any event.

Plaintiffs' challenge to the dismissal against constable Feldman is similarly without merit. The court's conclusion that Feldman acted only in behalf of the judgment creditor is well supported by the credible evidence and therefore binding on appeal. *Rova Farms Resort v. Investors Inc. Co., supra.* The same is true with regard to the court's dismissal of the fraud, misrepresentation and tortious interference claims. The trial court had the peculiar advantage of being able to judge the credibility of plaintiffs' proofs, including the lack of proofs. His conclusions in that regard will not be disturbed.

In sum, we find the court's findings and conclusions to be legally correct and supported by adequate, substantial and credible evidence in the record.

Affirmed.